IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEORGE A. YARNO and <br> CYNTHIA D. B. YARNO, <br> husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | CV 07-424-C-EJL-LMB <br><br> **REPORT AND RECOMMENDATION** |

      Currently pending before the Court are the Government's Motion to Dismiss (Docket No. 15), and Plaintiff's Cross Motion for Summary Judgment (Docket No. 19). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motions would not be significantly aided by oral argument, the Court will address and resolve the motions without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Report and Recommendation.

### I.  Background

      The facts of this case are undisputed. *Memorandum in Opposition*, p. 2 (Docket No. 18). In 1984 and 1985, Plaintiffs timely filed federal income tax returns. *Memorandum in Support of Motion to Dismiss* (Docket No. 15-1). Included in those returns, Plaintiffs' claimed deductions for investments Plaintiffs made in two separate partnerships. *Id*. However, both of the claimed partnerships were later audited by the IRS and portions of the claimed deductions that flowed through those partnerships to Plaintiffs were disallowed. Following Tax Court litigation, the

**Report and Recommendation - 1 -**

assigned "Tax Matters Partner" ("TMP") of each partnership settled with the I.R.S. and agreed to disallowing a portion of the claimed deductions as well as penalty interest pursuant to former I.R.C. § 6621. The settlement agreement entered by the Tax Court states that the terms and conditions of the settlement "will be binding on the non-participating partners who are parties to these proceedings." Auchterlonie Decl., Ex. A, p. 15; *see also* 26 U.S.C. § 6226(c)(1) (deeming all partners in a partnership to be parties to a Tax Court proceeding under the Tax Equity and Fiscal Responsibility Act or 1982 ("TEFRA")).

Following the settlement, on August 28, 2002, the I.R.S. mailed Plaintiffs adjustment notices, disallowing portions of their original deductions, including penalties and interest. For Plaintiffs' tax year 1984 return, Plaintiffs were assessed $22,171.00 in former I.R.C. § 6621[1] interest and $17,656.00 for tax year 1985. Failure to pay penalties of $2,715.78 for tax year 1984, and $2,445.07 for tax year 1985 were also assessed on July 17, 2006. According to the Government, Plaintiffs did not pay until the I.R.S. notified them, in June 2005, of its intention to bring the outstanding tax liability to collection. Plaintiffs paid the additional tax, interest and penalties in 2005 and 2006. Subsequently, on November 22, 2006, Plaintiffs filed a claim with the I.R.S. for a refund of those amounts. Plaintiffs filed the underlying Complaint on October 9, 2007.

Initially, Plaintiffs sought refunds of both interest and penalties assessed under former I.R.C. § 6621(c). *Complaint*, p. 3 (Docket No. 1). However, Plaintiffs now seek only refunds of I.R.C. § 6651 failure to pay penalties assessed against them for tax years 1984 and 1985.

---

[1] I.R.C. § 6621 was repealed in 1989 for returns due after December 31, 1989. Pub. L. 101-239, § 7721(b) & (d).

**Report and Recommendation - 2 -**

*Stipulation of Dismissal* (Docket No. 24).  Plaintiffs now seek a refund of $2,715.78 for tax year 1984, and $2,445.07 for tax year 1985, totaling $5,160.85.00.  *Id*.  Pursuant to Fed. R. Civ. P. 12, the Government now moves for dismissal of Plaintiffs remaining claims for failure to state a claim upon which relief can be granted.  *Memorandum in Support of Motion to Dismiss*, pp. 1–18 (Docket No. 15-1).  In the alternative, the Government seeks judgment on the pleadings.  *Id*.  In response, Plaintiffs acknowledge that the facts of the case are not in dispute and make a Cross Motion for Summary Judgment.  (Dkt. 19).  Because of the parties stipulation to dismiss the lion's share of Plaintiffs' claims, only the "secondary issue" of Plaintiffs' liability regarding the § 6651(a) failure to pay penalties remain at issue.  *Order Granting Stipulation* (Docket No. 27).

## II.  MOTION TO DISMISS

In its motion, the Government argues that Plaintiffs have "no legal basis to support th[eir] claim" for the § 6651 penalties.  *Memorandum in Support of Motion to Dismiss*, p. 19 (Docket No. 15-1).  The Government contends that "[P]laintiffs have plainly failed to state a claim upon which relief can be granted with regard to the failure to pay penalty under section 6651."  *Id*. at p. 20.  Likewise, the Government requests that "this claim should be dismissed under Fed. R. Civ. P. 12(b)(6), or, in the alternative, the United States should be granted judgment on the pleadings on this claim under Fed. R. Civ. P. 12(c)."  *Id*.

By way of background, I.R.C. § 6651(a) imposes a penalty for the failure to timely pay a tax liability, in the amount of .5% per month that the liability is not paid, with a 25% maximum. 26 U.S.C. § 6651(a)(3).  The penalty applies "unless it is shown that such failure is due to reasonable cause and not due to willful neglect."  *Id.*  To demonstrate the requisite "reasonable

**Report and Recommendation - 3 -**

cause," Plaintiffs must show that they "exercised ordinary business care and prudence and w[ere] nevertheless unable to file the return within the prescribed time." *United States v. Boyle*, 469 U.S. 241, 243 (1985) (citing Treas. Reg. § 301.6651-1(c)(1) (1984)); *See also Estate of Lang v. Commissioner*, 613 F.2d 770, 774 (9th Cir. 1980). Plaintiffs bear a "heavy burden" in proving both that the failure was due to reasonable cause and not willful neglect. *Boyle*, supra at 245.

Plaintiffs, in stipulating to the dismissal of the underlying claim, concede that they did not pay the tax in a timely manner, but argue that their failure to pay was due to "reasonable cause to not make a tax payment, [and as such] the penalty is inapplicable." *Memorandum in Opposition of Motion to Dismiss*, pp. 9–10 (Docket No. 18). Specifically, Plaintiffs contend that the penalties levied against them for their failure to pay are inappropriate because "until taxpayers exhaust their administrative remedies they are under no obligation to make payments . . . ." *Id.* (*citing F.P. Walters v. U.S.*, 37 TC 963, 972–73 (1962).

**A.     Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate only when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987). In considering this motion, the Court accepts as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true any legal conclusions or unwarranted factual inferences, however. *Id.* A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

**Report and Recommendation - 4 -**

**B.**     **Analysis**

Plaintiff taxpayers reason that they should not face § 6651 penalties because they were challenging their tax liability during the failure to pay period. In other words, Plaintiffs argue that their ongoing pursuit of an administrative remedy with the I.R.S. over tax liability forecloses the imposition of failure to pay penalties. *Memorandum in Opposition to Motion to Dismiss*, p. 9–10 (Docket No. 18).

Although "reasonable cause" is ordinarily a question of fact to be determined by the particular situation in each case, the Supreme Court has addressed how the courts must deal with section 6651(a)(1) cases:

> Whether the elements that constitute "reasonable cause" are present in a given situation is a question of fact, but what elements must be present to constitute "reasonable cause" is a question of law. When faced with a recurring situation . . . "the courts of appeal should not be reluctant to formulate a clear rule of law to deal with that situation."

*Boyle*, 469 U.S. at 249, n. 8. Unfortunately, the Court is not facing a recurring situation, and must determine whether involvement in an administrative dispute is enough to demonstrate "reasonable cause." Plaintiffs cite *Walker v. C.I.R.* to support the contention that their delay in payment is legally "due to reasonable cause and not due to willful neglect." 37 T.C. 962, 972–73. The Government argues that there is no case law or statute directly on point to support Plaintiffs' claim and as such Plaintiffs' claim must fail.

*Walker* was a dispute over whether petitioner, "a full-blooded noncompetent American Indian," was exempt from paying income tax due to his status as a Native American, and associated penalties for a failure to file under § 6651(a). *Id*. The Tax Court held in favor of Petitioner on the first issue, which "serve[d] to dispose also of the second [penalty] issue,"

**Report and Recommendation - 5 -**

adding that "if their cause was not reasonable, then such term is without significance. *Id*. On review, the Ninth Circuit reversed the Tax Court on the issue of Native American tax exemption, but affirmed the Tax Court's finding that petition had reasonable cause in filing the late return. *C.I.R. v. Walker*, 326 F.2d 261, 264 (9th Cir. 1964).

*Walker*, however, is a narrow finding that, under the specific circumstances, do not apply to Plaintiffs. First, Plaintiffs here, unlike *Walker* do not contest the fact that they owed the outstanding taxes. *See Stipulation of Dismissal* (Docket No. 24). Second, the good cause found in *Walker* was not because the Court found that the petitioner should be given time to pursue his claim, but rather because, under the specific facts of the case, Walker's overarching claim had greater merit—prevailing, in fact, at the tax court level. Here, Plaintiffs have stipulated to a dismissal with prejudice. *Id*. Finally, it is clear that Plaintiffs could have timely met the burden of compliance without undue difficulty.

On August 28, 2002, Plaintiffs were given notice of their outstanding tax liability. Plaintiffs failed to pay until nearly three years later, when they were given notice that the I.R.S. was initiating collection. Under these circumstances, Plaintiffs cannot show reasonable cause and refute willful neglect. Accordingly, the penalties assessed against Plaintiffs pursuant to I.R.C. § 6511 should be upheld.

**C.     Conclusion**

"Taxes are the price we pay for a civilized society." *Compania General De Tabacos de Filipinas v. Collector*, 275 U.S. 87, 100 (1927). Congress placed the burden of prompt filing and payment on the taxpayer. The duty of filing (and payment, when due) is fixed and clear: It is the taxpayer's obligation to ascertain and meet proscribed deadlines. Plaintiffs failure to do so

**Report and Recommendation - 6 -**

properly resulted in the assessment of fees. Given the facts of the case, by law, Plaintiffs have failed to state a claim upon which relief can be granted.

The Court agrees with the Government that Plaintiffs have failed to show reasonable cause and no willful neglect for their failure to pay timely and is therefore liable for the addition to tax under § 6651(a)(1). Accordingly, it is recommended that Plaintiffs' claim be dismissed with prejudice and judgement be entered in favor of the Government.

## IV. RECOMMENDATION

Based upon the FOREGOING, it is hereby RECOMMENDED that the District Court enter an Order consistent with the following:

1. That the Government's Motion to Dismiss for Failure to State a Claim be (Docket No. 15) be GRANTED.



DATED: **May 7, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge